Filed 3/12/26  P. v. Hernandez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL HERNANDEZ,<br><br>    Defendant and Appellant. | B345677<br><br>(Los Angeles County<br>Super. Ct. No. 25SFCF00096) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Jake E. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury found Manuel Hernandez guilty of arson of the property of another.  The trial court imposed a sentence of two years in state prison.  Hernandez appealed.  Hernandez's appellate counsel has asked us to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm.

On January 14, 2025, when wildfires were burning in various places in Los Angeles County, George Godfrey was walking home after doing some grocery shopping.  While waiting for a traffic light to turn green, he saw smoke coming from a tree in a highly populated area.  As he watched, Godfrey saw fire "erupt" in the tree.  He also saw a person with a stick poking the tree.  The flames grew larger as Godfrey watched.

Godfrey ran to his house, grabbed a fire extinguisher, and ran back across the street to try to put out the fire.  As Godfrey sprayed the tree with the fire extinguisher, he heard coughing.  Hernandez was standing behind the tree, holding a can of beer.  Godfrey asked Hernandez if he was going to use the beer to put out the fire.  Hernandez responded: "No. . . . I like the smoke.  I like the way eucalyptus smells.  I started a little fire right here, and it got out of control."  The center portion of the tree was charred and burnt.

Godfrey called 911.  When police arrived, they recorded their interaction with Hernandez with body-worn cameras.  One officer read Hernandez his *Miranda* rights.[1]  When asked who started the fire, Hernandez responded that it was not his intention to burn the whole tree or the whole neighborhood.  An officer said: "You shouldn't be starting fires, period."  Hernandez responded, "I know, I understand."  When asked why he would

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436.

start a fire, Hernandez said he liked how the leaves smelled. The officers discovered that Hernandez had three lighters in his possession. The body-worn camera video was played for the jury at trial.

The jury found Hernandez guilty of one count of arson of the property of another. (Pen. Code, § 451, subd. (d).)[2] Hernandez waived his right to a jury trial on an allegation that he had suffered prior convictions that were numerous and of increasing seriousness within the meaning of California Rules of Court, rule 4.421(b)(2). The trial court found the People failed to prove the allegation beyond a reasonable doubt. The court imposed a middle term sentence of two years in state prison.

Hernandez timely appealed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. We directed appellate counsel to send Hernandez the record and a copy of the opening brief. We also advised that within 30 days of the date of the notice, Hernandez could submit a supplemental brief or letter stating any ground for an appeal, contentions, or arguments he wished this court to consider. Appellate counsel submitted a declaration stating that counsel had informed Hernandez of his right to file a supplemental brief and had sent him the appellate record. Hernandez did not file a supplemental brief.

---

[2] The trial court instructed the jury on arson of the property of another and the lesser included offense of unlawfully causing a fire in violation of Penal Code section 452.

We have independently examined the record on appeal and are satisfied that no arguable issues exist, and Hernandez's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende, supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.